**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL THOMAS, MD, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KATHLEEN HARDER, MD; et al., <br><br> Defendants-Appellees. | No. 23-35456 <br><br> D.C. No. 3:22-cv-00944-JR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Argued and Submitted August 21, 2024
Portland, Oregon

Before: CHRISTEN, NGUYEN, and HURWITZ, Circuit Judges.

Plaintiff Paul Thomas, M.D., appeals the district court's orders granting Defendants' motion to dismiss the operative complaint and denying leave to amend. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's dismissal de novo and its denial of leave to amend for abuse of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

discretion. *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). We affirm.

    1.    The absolute immunity that is "generally accorded to judges and prosecutors functioning in their official capacities" may also "extend[] to agency representatives performing functions analogous to those of a prosecutor or judge." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922-23 (9th Cir. 2004). To assess whether a function is comparable to that of a judge, and thus entitled to absolute immunity, we consider six nonexclusive factors. *Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 740 (9th Cir. 2012).[1] This inquiry focuses on the "nature of the function performed, not the identity of the actor who performed it." *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)).

We have repeatedly concluded that members of state medical boards are entitled to absolute immunity for actions undertaken in connection with disciplinary proceedings. *See Olsen*, 363 F.3d at 924-26; *Buckwalter*, 678 F.3d at 741-46; *Mishler v. Clift*, 191 F.3d 998, 1003-09 (9th Cir. 1999). Having analyzed the facts and circumstances of this case in light of the *Butz* factors, we reach the

---

[1] These *Butz* factors include: "(a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal." *Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985) (citing *Butz v. Economou*, 438 U.S. 478, 512 (1978)).

2

same conclusion here about the members of the Oregon Medical Board (OMB).

Dr. Thomas argues that even if the *Butz* factors favor a finding of absolute immunity, OMB members are not entitled to absolute immunity because they violated state law, Or. Rev. Stat. § 677.205(3), by issuing an emergency suspension before formally filing a verified complaint. *See Chalkboard, Inc. v. Brandt*, 902 F.2d 1375, 1379 (9th Cir. 1989). But unlike in *Chalkboard*, where Arizona executive officials lacked any authority to impose summary suspensions of day care centers, the OMB indisputably possesses the authority to suspend medical licenses on an emergency basis. *See* Or. Rev. Stat. § 677.205(3). Even if the OMB did not follow the proper procedures under state law—a question we do not decide—its actions "are no less judicial . . . because they may have been committed in error." *Mishler*, 191 F.3d at 1006.[2]

2. We next consider whether Dr. Thomas alleged sufficient facts to state a claim against the OMB's staff members. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] We similarly reject Dr. Thomas's argument that the OMB violated state law because it lacked evidence that his practice of medicine was "an immediate danger to the public," Or. Rev. Stat. § 677.205(3). The OMB's exercise of a judicial function renders the OMB members absolutely immune even if that "exercise of authority is flawed by the commission of grave procedural errors." *Mishler*, 191 F.3d at 1006 (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)).

3

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, the amended complaint does not allege any facts in support of the conclusory assertion that OMB staff investigators Boemmels and Brown "wrote false and misleading allegations." Nor does the amended complaint elaborate on how Boemmels and Brown engaged in the "[f]abrication of evidence." Similarly, with respect to supervisory liability, the amended complaint summarily concludes that OMB Medical Director Farris either "participated in or directed the fabrication of evidence" or "failed to act to prevent it," but advances no facts in support of these assertions. These conclusory allegations do not suffice to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

3. The district court did not abuse its discretion by denying Dr. Thomas leave to amend in order to allege additional facts concerning the OMB staff members. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Based on the allegations advanced in Dr. Thomas's proposed Second Amended Complaint (SAC), we conclude that amendment would be futile because the staff members are entitled to qualified immunity.

Qualified immunity protects public officials from § 1983 liability unless a plaintiff shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."

4

*Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted). To assess qualified immunity at the motion to dismiss stage, "we consider whether the complaint alleges sufficient facts, taken as true, to support the claim that the officials' conduct violated clearly established constitutional rights." *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018). Here, the proposed SAC fails to adequately allege a constitutional violation. The SAC repeatedly concludes that the OMB staff members fabricated evidence, or supervised the fabrication of evidence, but it lacks sufficient factual allegations to support a claim to relief. *See Iqbal*, 556 U.S. at 678. Moreover, even if Dr. Thomas had alleged a plausible constitutional violation, he identifies no precedent that clearly establishes "the violative nature of [this] particular conduct . . . in light of the specific context of the case." *Mullenix v. Luna*, 577 U.S. 7, 13 (2015) (per curiam) (citations omitted).

  **AFFIRMED.**